# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA, et al.,

    Defendant(s).

2:10-CV-1546 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Wells Fargo Bank, N.A. as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-BC1's motion for order setting aside dismissal for failure to prosecute. (Doc. # 33). Defendants have not responded.

**I.   Background**

The clerk of the court issued a Local Rule 41-1 notice informing plaintiff that if no action was taken within 30 days, the case would be subject to dismissal. (Doc. # 25). Plaintiff had until February 16, 2013, to timely prosecute its case; however, plaintiff did not do so until February 22, 2013. The court dismissed plaintiff's case without prejudice for failure to timely prosecute.

This action is for quiet title. Plaintiff represents that there is no claim made for damages and the relief sought is beneficial to both plaintiff and defendant Trisha Vasquez, who has not opposed this instant motion.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal standard

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are present where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* FED. R. CIV. P. 60(b).

Under Rule 60(b), a court may grant reconsideration on the grounds of, *inter alia,* "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

## III. Discussion

Plaintiff requests the court set aside dismissal of its case due to excusable neglect. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000). Plaintiff states that following resolution of the dispute with the United States Treasury, a now terminated co-defendant, the question for plaintiff was whether further proceedings were necessary. Plaintiff represents that *pro se* defendant Trisha Vasquez indicated that she would cooperate in resolving the title issue. However, plaintiff could not get into contact with *pro se* defendant Vasquez, and it was not until plaintiff received the clerk of the court's notice that plaintiff decided to proceed with obtaining a decree of quiet title.

Plaintiff states that while plaintiff was dilatory, plaintiff has not failed to prosecute its case. Plaintiff argues that there is no prejudice to any other party in granting this motion; that the delay in compliance and in seeking this relief has been minimal; and that counsel has submitted a declaration showing the reason for delay and demonstrating good faith.

While the court disfavors failure to diligently litigate ones case, the court understands that some of the delay in the instant matter was caused by an unexpected inability to contact *pro se* defendant Vasquez. And while a year-long delay in prosecuting ones case is sufficient to warrant dismissal without prejudice under Local Rule 41-1, the court finds that permitting plaintiff to re-file

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  the two motions that were pending upon entry of dismissal may resolve the matter in its entirety on
2  the merits.

3  **IV.    Conclusion**

4      Accordingly,

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Wells Fargo Bank,
6  N.A. as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates,
7  Series 2007-BC1's motion for order setting aside dismissal for failure to prosecute (doc. # 33) be,
8  and the same hereby is, GRANTED.

9      IT IS FURTHER ORDERED that the clerk of the court reopen the instant case.

10      IT IS FURTHER ORDERED that plaintiff shall file any motions seeking resolution of this
11  matter within 7 days of this case being reopened or the case will be re-closed for failure to prosecute.

12      DATED May 1, 2013.

13      */s/ James C. Mahan*
14      **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**