1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   WELLS FARGO BANK, N.A.,                    2:10-CV-1546 JCM (GWF)

9              Plaintiff(s),

10   v.

11   UNITED STATES OF AMERICA, et
     al.,
12

13              Defendant(s).

14

15                              **ORDER**

16         Presently before the court is plaintiff Wells Fargo Bank's motion for judgment on the

17   pleadings against defendant Trisha Vasquez. (Doc. # 37).[1] Defendant Vasquez has not responded.

18   Plaintiff has also moved for default judgment against defendants Anthony K. Fores and Marilou

19   Fores. *Id.* The Fores defendants have not responded.

20   **I.    Background**

21         On January 9, 2004, defendant Vasquez and Victor B. DeGuzman took title to 7811 Harp

22   Tree Street, Las Vegas, Nevada 89139 by way of grant, bargain and sale deed from Richmond

23   American Homes of Nevada, Inc. On June 10, 2004, a quitclaim deed was apparently recorded by

24   defendant Vasquez and DeGuzman in attempts to transfer title to defendant Vasquez, Aaron D.

25
26

27

28

---

[1]   Plaintiff requests that the court take judicial notice of exhibits attached to its judgment on the pleadings. (Doc. # 37, 4:3-5).  Pursuant to Fed.R.Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court judicially notices the attached documents are they are matters of public record. (*See* doc. # 27 , Exs. 1-8).

James C. Mahan
U.S. District Judge

1    Vasquez, Anthony K. Fores, and Marilou G. Fores.

2          However, plaintiff contends the quitclaim deed was filed in error and did not disturb the title

3    held by defendant Vasquez. On July 1, 2005, DeGuzman conveyed his interest in the title to

4    defendant Vasquez by quitclaim deed.  In November 2006, defendant Vasquez sought to refinance

5    the property and obtained a loan for $294,100 from BNC Mortgage.  Repayment of the loan was

6    secured by a trust deed recorded on November 17, 2006, against the title to the property. The deed

7    of trust named Mortgage Electronic Registration Systems ("MERS") as the beneficiary. MERS then

8    conveyed the deed of trust to plaintiff by assignment.

9          Plaintiff now seeks a decree establishing that its interest as beneficiary under the deed of trust

10   is senior to the rights of the remaining defendants in this action.[2]

11   **II.      Motion for Judgment on the Pleadings**

12              **A.      Legal Standard**

13         For purposes of a  motion for judgment on the pleadings, the allegations of the non-moving

14   party must be accepted as true, while the allegations of the moving party which have been denied

15   are assumed to be false. *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984);

16   *see also Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Judgment on the pleadings is

17   proper when the moving party clearly establishes on the face of the pleadings that no material issue

18   of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman*, 727

19   F.2d at 1482.

20              **B.      Discussion**

21         This motion could be resolved procedurally pursuant to local rule 7-2(d).  Pursuant to local

22   rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's

23   consent to the granting of the motion and is proper grounds for dismissal. *See U.S. v. Warren*, 601

24   F.2d 471, 474 (9th Cir. 1979). In this case, defendant Vasquez has failed to respond to plaintiff's

25   motion for judgment on the pleadings. While local rule 7-2(d) would be an appropriate basis to grant

26   plaintiff's motion, in fairness, the court will look at the merits of the case.

27   _____

28          [2] Defendant United States of America was terminated on February 3, 3012. (Doc. # 23).

James C. Mahan
U.S. District Judge                                              - 2 -

1    A quiet title action may be brought by "any person against another who claims an estate or

2    interest in real property, adverse to the person bringing the action, for the purpose of determining

3    such adverse claim." *See* NRS 40.010; *Wensley v. First Nat. Bank of Nevada*, 874 F.Supp.2d 957,

4    966 (D.Nev. 2012). In her answer, defendant Vasquez does not dispute the court's pendant

5    jurisdiction, her title in the property, or the relationship of borrower and lender as to the deed of trust.

6    Accordingly, defendant Vasquez does not dispute plaintiff's standing to assert the claim for quiet

7    title.

8    Thus, based on the admissions in defendant Vasquez's answer, plaintiff has a security interest

9    in the property that is senior to the rights of defendant Vasquez. Plaintiff's request to quiet title as

10   against defendant Vasquez is granted.

11   **III.    Motion for Default Judgment**

12   **A.    Legal Standard**

13   Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment

14   for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

15   affidavit or otherwise, the clerk must enter the partys' default." FED. R. CIV. P. 55(a). Federal Rule

16   of Civil Procedure 55(b)(2) provides that a court may enter a default judgment after the party seeking

17   default applies to the clerk of the court as required by subsection (a) of this rule. FED. R. CIV. P.

18   55(b)(2).

19   On December 7, 2010, the clerk entered default against both Fores defendants for their failure

20   to plead or otherwise defend the instant lawsuit. (Doc. # 18). Pursuant to Federal Rule of Civil

21   Procedure 55(b)(2), plaintiff now asks this court to enter default against these defendants.

22   **B.    Discussion**

23   The choice whether to enter a default judgment lies within the discretion of the trial court.

24   *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a

25   default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782

26   F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2)

27   the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5)

28

James C. Mahan
U.S. District Judge

1  the possibility of a dispute concerning material facts, (6) whether default was due to excusable

2  neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the

3  factual allegations of the complaint, except those relating to the amount of damages, will be taken

4  as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 8(d).

5      The first *Eitel* factor weighs in favor of granting plaintiff's motion because plaintiff will be

6  prejudiced because it will not be allowed to litigate its claims. *See Adobe Sys. Inc. v. Marmeletos*,

7  2009 WL 1034143 at *3 (N.D. Cal. Apr. 16, 2009). The Fores defendants have not answered or

8  otherwise responded to the complaint. If plaintiff's motion for default judgment is not granted,

9  plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*,

10  283 F.Supp.2d 1127, 1177 (C.D. Cal. 2002).

11      The second and third *Eitel* factors favor a default judgment where the claims are meritorious

12  and the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F.Supp.2d at

13  1175; *see also Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Plaintiff's complaint

14  states plausible claims that plaintiff's interest in the property is senior to the Flores defendants. (*See*

15  *generally* doc. # 1). Further, plaintiff's complaint is well pleaded as it identifies the Fores defendants,

16  explains the circumstances, and alleges that defendant Vasquez never intended for the Fores

17  defendants to be on the title and was mistaken about the effect and purpose of the quitclaim deed.

18  *Id*.

19      Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to

20  the seriousness of defendants' conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. The property

21  in question was secured with a loan for over $294,100; however, the relief sought equitable in nature.

22  This factor weighs neither in favor nor against granting default judgment.

23      The fifth *Eitel* factor favors default judgment. "Once the court clerk enters a default, the well-

24  pleaded factual allegations of the complaint are taken as true, except for those allegations relating

25  to damages." *Geddes,* 559 F.2d at 560. Given the sufficiency of the complaint; allegations that the

26  Fores defendants never acquired any right, title, or interest in the property; evidence of the recorded

27

28

**James C. Mahan**
**U.S. District Judge**

1   title documents to the property; and defendant's default; "no genuine dispute of material facts would

2   preclude granting [plaintiff's] motion." *Cal. Security Cans,* 238 F.Supp.2d at 1177.

3       Applying the sixth factor, the court cannot conclude that the Fores defendants' default is due

4   to excusable neglect. Defendants were properly served with summons and the complaint. (See docs.

5   # 11, 12). Defendants' failure to respond or litigate this case cannot be attributable to excusable

6   neglect. *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993)

7   (holding that it was "perfectly appropriate" for the district court to enter default judgment against

8   a corporation that failed to appear in the action through licensed counsel).

9       The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their

10  merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b)

11  "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp.

12  at 1177 (citation omitted). Moreover, the Fores defendants' failure to answer or otherwise respond

13  to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

14      Having reviewed plaintiff's motion, plaintiff's complaint, and having considered the *Eitel*

15  factors as a whole, the court concludes that the entry of default judgment is appropriate against the

16  Fores defendants. Thus, plaintiff's request to quiet title as against the Fores defendants is granted.

17  **IV.    Conclusion**

18      Accordingly,

19      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Well Fargo

20  Bank's motion for judgment on the pleadings against defendant Trisha Vasquez (doc. # 37) be, and

21  the same hereby is, GRANTED.

22      IT IS FURTHER ORDERED that plaintiff Wells Fargo bank's motion for default judgment

23  against defendants Anthony K. Fores and Marilou Fores (doc. # 37) be, and the same hereby is,

24  GRANTED.

25  . . .

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1      IT IS FURTHER ORDERED that plaintiff's claim for quiet title be, and the same hereby is

2  GRANTED. Plaintiff's deed of trust fully encumbers the title to the property and the individual

3  defendants' interests are junior and subordinate to plaintiff's interest.[3]

4      IT IS FURTHER ORDERED that plaintiff prepare and submit an appropriate judgment.

5  DATED June  10, 2013.

6  UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [3] Plaintiffs second and third claims for relief have either already been resolved. Further, plaintiff voluntarily

28  dismisses its fourth claim for relief.